Farmers Cooperative Company, a Corporation v. Commissioner.
Farmers Cooperative Co. v. Commissioner
Docket No. 68637.
United States Tax Court
T.C. Memo 1963-43; 1963 Tax Ct. Memo LEXIS 295; 22 T.C.M. (CCH) 183; T.C.M. (RIA) 63043; February 19, 1963
*295 Farmers' cooperative: Patronage dividends: Allocation to employees: Storage of gram. Held, amounts allocated by petitioner to its employees, based upon the amount of salary earned, are not excludable as true patronage dividends from petitioner's gross income. Robert C. Guenzel, Esq., and James M. Stewart, Esq., 707 Central National Bldg., Des Moines, Ia., for the petitioner. Ivan L. Onnen, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined deficiencies in petitioner's income tax for its taxable years ended March 31, 1953, March 31, 1954 and March 31, 1955 in the respective amounts of $1,128.32, $2,129.11 and $1,740.85. Petitioner is a nonexempt cooperative corporation and the issues to be determined relate to amounts *296 it is entitled to exclude from gross income as patronage dividends. One of the issues is the same as the principal issue in Farmers Cooperative Grain Company, (Docket No. 68513), 39 T.C. - (Dec. 18, 1962), relating to certain amounts received by petitioner from the Commodity Credit Corporation for the handling and storage of grain received in Satisfaction of loans, and the computation of the portion thereof, if any, attributable to member business. The parties have stipulated the disposition of this issue shall be"in accordance with the final decision in the case of Farmers Cooperative Grain Company, Docket No. 68513." The other issue that is presented is whether amounts allocated to petitioner's employees as patronage dividends, based upon the amount of salary earned, are excludable from petitioner's gross income. Findings of Fact Some of the facts were stipulated and they are found accordingly. The petitioner is an Iowa corporation with its office and principal place of business at Eagle Grove, Iowa. During the taxable years involved it was organized and operated as a cooperative association under Chapter 497 of the Code of Iowa (1958). It is not a tax-exempt cooperative under *297 section 101(12) of the Internal Revenue Code of 1939 or section 521 of the Internal Revenue Code of 1954. The petitioner keeps its books and files its income tax returns on the basis of a fiscal year ending March 31 and it employs the accrual method of accounting. Its Federal income tax returns for the taxable years ended March 31, 1953, March 31, 1954 and March 31, 1955 were filed with the district director of internal revenue for the district of Iowa. The petitioner is a purchasing and marketing cooperative dealing in grain and farm supplies. Its business activities are carried on through three departments known as the Grain, Merchandise and Petroleum Departments. During the taxable years involved, business in all departments was transacted with nonmembers, as well as with members, of the petitioner. During the years involved petitioner issued patronage dividend certificates to its employees based upon the amount of salary or wages earned and such dividends were allocated at the same rates as were used for allocation of profits of the petitioner's Merchandising Department. Those rates for the taxable years ended March 31, 1953, March 31, 1954 and March 31, 1955 were *298 respectively 3.8 percent, 5 percent and 5 percent. The employees did not receive these so-called patronage dividends in cash but the amounts of the certificates were set up on petitioner's books as liability items. During the years in question all but two of petitioner's employees to whom it issued such patronage dividend certificates were also members of petitioner. It is stipulated that the patronage dividends allocated by the petitioner to its employees for the years here involved were allocated to members and nonmembers, as follows: Taxable
Allocated
Allocated
Year
Total
to
to
Ended
Allocated
Members
Nonmembers
3-31-53
$1,748.86
$1,537.35
$211.51
3-31-54
2,301.57
2,050.93
250.64
3-31-55
2,335.43
2,057.21
278.22
In its income tax returns for the taxable years ended March 31, 1953, March 31, 1954 and March 31, 1955 the petitioner excluded the respective amounts of $1,748.86, $2,301.57 and $2,335.43 from its gross income as patronage dividends on employees' salaries. In his notice of deficiency respondent disallowed the amounts allocated by petitioner as patronage dividends to its employees. Opinion There is an issue in this case *299 with respect to amounts received from the Commodity Credit Corporation being includable in the patronage dividend computation. This issue relates to amounts received from the Commodity Credit Corporation for the handling and storage of grain received in satisfaction of loans and the computation of the portion thereof, if any, attributable to member business. The parties have stipulated this is to be disposed of "in accordance with the final decision in the case of Farmers Cooperative Grain Company, Docket No. 68513." Final decision has been entered in Farmers Cooperative Grain Company, supra, based on resolving this issue in favor of respondent. Accordingly, we here hold, consistent with our holding in the Farmers Cooperative Grain Company case that compensation received by petitioner for handling and storing grain delivered by producers in satisfaction of Commodity Credit Corporation loans is not excludable from petitioner's gross income as patronage dividends and no consideration should be given to such grain in computing patronage dividends attributable to member patronage. There is left the issue with respect to the excludability of the patronage dividends allocated to petitioner's *300 employees based upon the amount of salary earned. The issue here is whether the patronage dividends allocated to the employees are excludable from income as patronage dividends. [1] As pointed out in our findings of fact, such dividends were not paid to the employees in cash. Certificates were issued and the manager of petitioner testified the certificates would not be paid until such time as petitioner's board of directors authorized payment by resolution - which evidently had not been done as the manager testified he was "still holding them until I get the money." Petitioner was organized as a cooperative corporation under the provisions of Chapter 389 of the 1931 Code of Iowa, now Chapter 497 of the 1958 Code of Iowa, which provides that portions of the net profit shall be set aside for a reserve fund, an educational fund, and to pay a dividend on stock, and then provides (in Sec. 497.19, Iowa Code of 1958), as follows: 497.19 Additional dividends The remainder *301 of said net profits shall be distributed by uniform dividends upon the amount of purchases of shareholders, and upon the wages and salaries of employees. In producing associations, such as creameries, canneries, elevators, factories, and the like, dividends shall be on raw material delivered instead of on goods purchased. In case the association is both a selling and a producing concern, the dividends may be on both raw material delivered and goods purchased by patrons. Petitioner's articles of incorporation provided that the earnings of the corporation "shall be apportioned" as provided in the above statute. Petitioner states its position to be: The philosophical approach of this type of statute considers the labors of the employees, as measured by their wages and salaries, in the same category as the purchase of commodities from members. That is to say, the commodities purchased and the labors contributed in their handling alike contribute to the savings made when the products are sold; thus not only is the producer of the commodity entitled to a patronage refund, based upon the volume of goods he has put through the cooperative, but also the employee is entitled to a patronage *302 refund based upon his efforts and contributions to the savings through his labors. * * * In Pomeroy Cooperative Grain Co., 31 T.C. 674, we pointed out there was no statute specifically providing for exclusions or deductions for patronage dividends by non-exempt cooperatives but administrative practice and judicial authorities had long sanctioned exclusions of true patronage dividends under certain conditions. There we pointed out "such administrative practice is recognized, at least indirectly, both in section 101(12)(B) of the 1939 Code and in section 522(b)(2) of the 1954 Code, wherein it is stated: "Patronage dividends, refunds, and rebates to patrons with respect to their patronage * * * shall be taken into account in computing net income [of an exempt cooperative] in the same manner as in the case of a cooperative association not exempt.'" The theory on which such exclusion of patronage dividends is based is, as we said in the Pomeroy case, that "true patronage dividends are, in reality, either (a) additions to the prices initially paid by the cooperative to its patrons for products which the patrons had marketed through the cooperative, or (b) refunds to patrons *303 of part of the prices initially paid by them for merchandise or services which they had obtained through the cooperative. Thus, the administrative practice is to treat true patronace dividends as corrective and deferred price adjustments, which serve to reduce the amount of the cooperative's gross profit from sales, and which actually never became part of its gross income." The amounts allocated by petitioner to its employees do not qualify as true patronage dividends. The employment of an employee is not a transaction out of which profits arise. In fact, it has the effect of reducing profits. Allocations to employees based on their wages are not out of profits realized from patron transactions. Actually here they were made out of profits realized from transactions with patrons of the petitioner's Grain, Merchandise and Petroleum Departments. It cannot be said such allocations to employees based on wages represent either an additional compensation due the patron for goods marketed through the cooperative or a refund of a part of the price initially paid by the patron. In the words emphasized in Pomeroy Cooperative Grain Co., supra, such an allocation of earnings to employees does *304 not represent "corrective and deferred price adjustments." Although the laws of Iowa may provide how and to whom the earnings of a cooperative association should be distributed or allocated, we must look to the Internal Revenue Code, the Federal Court decisions and the administrative rulings in deciding the portion of such earnings excludable from Federal income tax. Pomeroy Cooperative Grain Co., supra. The rule to be drawn from these sources is that in order for the patronage dividend of a nonexempt cooperative to be excludable from Federal income tax the allocation must have been (1) pursuant to a legal obligation existing at the time of the patron transaction, (2) the allocation must have been made out of profits realized with the particular patrons for whose benefit the allocations were made and not out of non-patron transactions; and (3) the allocations must be made equitably to members upon the basis of business transacted with members. Pomeroy Cooperative Grain Co., supra, and authorities cited; Pomeroy Cooperative Grain Co. v. Commissioner, 288 F. 2d 326. We need not decide whether the allocation was made pursuant to a legal obligation. Petitioner argues *305 it was because of the mandate of the Iowa statute that commands distributions of dividends upon salaries of employees. The dividends to employees based on salaries do not satisfy the second requisite of true patronage dividends for income tax exclusion in that they are not made out of profits or income realized from transactions with those who benefit from the allocations. We hold for respondent on the issue. Decision will be entered under Rule 50. Footnotes
1. During the trial petitioner's counsel, in response to a question, stated to the Court that he was not claiming the allocated amounts were deductible on any other ground than an allocated patronage dividend.↩